# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARLES TALBERT | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 21-2505 |
| | : | |
| JOSEPH H. EVERS, *et al.* | : | |

## **MEMORANDUM**

**KEARNEY, J.**                                                                                     June 4, 2021

After barring him over two years ago from suing state actors without paying filing fees, incarcerated serial litigant Charles Talbert paid the filing fee this week to sue immune state actors Judges Fox and Allen, and Court Administrator Evers of the Philadelphia Court of Common Pleas. He seeks damages against them in their personal capacity and injunctive relief against them in their official capacity. He cannot sue immune parties for damages. He is long incarcerated and alleges no irreparable harm from the present management of the state court system. He pleads no connection between his present status and actions by these state actors. Congress requires we screen and dismiss claims brought by incarcerated persons against immune parties or when the incarcerated person brings frivolous claims or fails to state a claim. We today review his wide-ranging untethered allegations against Philadelphia judges and court administrator and dismiss them with prejudice.

**I.     Alleged *pro se* facts**

Mr. Talbert *pro se* alleges Administrator Evers and Judges Idee Fox and Jacqueline Allen acted in bad faith and knowingly and willfully managed the state court at some unplead time to disregard, pervert and parody law and justice, use unauthorized and/or irregular procedures causing court personnel to abandon established rules and principles causing harm to the general public without due process of law. He further claims, without specifics, Administrator Evers and

Judges Fox and Allen managed the state court to improperly and tortiously use legitimate issued court process to obtain unlawful results, appointed and assigned corrupt personnel to promote the abandonment of established rules and principles to deprive the general public of due process and to deny the general public of the speedy and proper administration of justice.[1] He alleges Court Administrator Evers and Judges Fox and Allen committed these acts by turning a blind eye to alleged corrupt activities and abused their administrative authority to be unjustly enriched by tax payers. He claims each of these state actors breached a covenant of trust in good faith in performing official duties, are liable as supervisors in maintaining a widespread practice of managing and directing the state court to act like a kangaroo court, misfeasance and nonfeasance of public office, violation of his rights under the First, Sixth and Fourteenth Amendments although he does not identify any specific harm to him in any case caused by these Defendants, and negligence. He seeks $100,000 in damages against the Defendants in their personal capacity and a unplead preliminary injunction. He separately moves for injunctive relief relying entirely upon facts in his complaint. But he pleads no facts demonstrating likelihood of success combined with irreparable harm to him.

## II.     Analysis

Congress requires federal judges to prescreen a complaint and dismiss an action filed by a prisoner, even if he pays the filing fees, seeking damages from a government employee if it is frivolous, fails to state a claim for relief, or seeks monetary relief against the state actor immune from the requested relief.[2] Mr. Talbert is well familiar with the screening requirements under Section 1915(g) under which we barred him in April 2019 from filing complaints in this Court without paying fees unless he could show imminent risk of physical harm. We detailed Mr. Talbert's history of filing complaints while in prison and his status as a "three-strike" plaintiff in

our April 5, 2019 memorandum in *Talbert v. Carney*.[3] Mr. Talbert filed "at least fifty-four lawsuits" in our District by April 2019.[4] He had "at least four" *pro se* complaints dismissed for being frivolous or failing to state a claim from 2013 to 2016.[5] We reviewed his April 2019 complaint in *Talbert v. Carney* under section 1915(g), and required Mr. Talbert plead imminent danger of serious physical injury.[6] We declined his motion to proceed *in forma pauperis* because he did not plead imminent danger.[7]

He now pays the fees, but he remains in prison and subject to the Prisoner Litigation Reform Act. Congress requires us under the Prisoner Litigation Reform Act to screen all prisoner complaints whether filed as *in forma pauperis* or with fees. A dismissal under the Prisoner Litigation Reform Act must be with prejudice and does not permit us to allow the suit to go forward in any regard.[8] Mr. Talbert sues court officials and judges who are immune.

Court Administrator Evers and Judges Fox and Allen enjoy judicial and quasi-judicial immunity from Mr. Talbert's claims.[9] "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."[10] "[S]o long as (1) the judge's actions are taken in his judicial capacity (determined by the nature of the acts themselves) and (2) the judge has some semblance of jurisdiction over the acts, he will have immunity for them."[11] "A court administrator or deputy administrator who is charged with the duty of carrying out facially valid court orders . . . enjoys quasi-judicial immunity."[12] "Judicial immunity and quasi-judicial immunity for court administrators apply to civil rights actions both for damages and for injunctive relief.[13]

The gravamen of Mr. Talbert's complaint is Court Administrator Evers, Judge Fox, and Judge Allen generally mismanaged the court and failed to bring criminal defendants to trial in a timely manner as required by federal and state law. He levels general accusations about

mismanagement, but alleges few, if any, facts regarding specific actions by Court Administrator Evers, Judge Fox, and Judge Allen. He certainly alleges no facts we could possibly construe as acts taken outside these officers' judicial capacity or without "semblance of jurisdiction." Judicial immunity is fatal to Mr. Talbert's claims in two regards. First, by asserting legal and equitable claims against these immune judicial officers, Mr. Talbert "fails to state a claim upon which relief may be granted."[14] Second, by asserting claims for damages against immune officials, Mr. Talbert "seeks monetary relief from a defendant who is immune from such relief."[15]

Mr. Talbert is presently incarcerated in the Middle District of Pennsylvania. He faces no present imminent irreparable harm from an unplead connection to Judges Fox and Allen and Court Administrator Evers. He does not come close to stating a claim for equitable relief.

## III. Conclusion

Congress requires we dismiss a complaint filed by an incarcerated prisoner if it is frivolous, malicious or fails to state a claim or seeks monetary relief from a defendant immune from the requested relief. Mr. Talbert's complaint meets both of the grounds set by Congress. We dismiss his complaint with prejudice.

---

[1] Complaint, ECF Doc. No. 1 at ¶ 13.

[2] 28 U.S.C. § 1915A.

[3] No. 19-1340, 19-1341, 2019 WL 1516940, at *3 n.19 (E.D. Pa. Apr. 5, 2019).

[4] *Id.* at *3.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *See Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002).

[9] We informed Mr. Talbert of the doctrine of judicial immunity in memoranda over the past five years. *See Talbert v. Commonwealth of Pa.*, 2016 WL 1108958, at *3 n.3 (E.D. Pa. Mar. 18, 2016) ("There are other reasons plaintiff's claims fail . . . Judge Brennan is entitled to absolute judicial immunity from plaintiff's claims because they are based on acts she took in her judicial capacity while presiding over plaintiff's criminal case.")

[10] 42 U.S.C. §1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.*") (emphasis added); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (recognizing Congress expanded 42 U.S.C. § 1983 to preclude claims seeking injunctive relief against judicial officers); *Turack v. Guido*, 464 F.2d 535, 536 (3d Cir. 1972) (referring to a court administrator as a "judicial officer").

[11] *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014).

[12] *Addlespurger v. Corbett*, 461 Fed. App'x 82, 85 (3d. Cir. 2012).

[13] *Id.* at 303-04.

[14] *See Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (affirming dismissal of claims against judges for judicial immunity under Federal Rule of Civil Procedure 12(b)(6)). We also note Mr. Talbert's complaint lacks the requisite specificity required by Federal Rule of Civil Procedure 8 and *Twombly*. While Mr. Talbert generally accuses all three defendants of mismanagement, he does not tie specific actions to specific defendants. *See Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859-50 (E.D. Pa. 2017) (explaining allegations all defendants engaged in certain conduct without distinguishing among the specific conduct of each individual defendant constitute an impermissible shotgun pleading).

[15] 28 U.S.C. § 1915A(b)(2).