IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 21-2505 |
| | : | |
| **JOSEPH H. EVERS,** *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                   **July 19, 2021**

Incarcerated Charles Talbert returns with his broadest pro se challenge yet to his many Pennsylvania criminal charges which resulted in prison terms. He now sues two Philadelphia County judges and a court administrator for allegedly managing a kangaroo court depriving him of a variety of constitutional rights at unplead times and in unplead cases. He claims their unplead personal actions led to delay in his trials, deprived him of access to the court, and demonstrated a conspiracy to retaliate against him for his many serial lawsuits against the Commonwealth. Congress requires we screen prisoner complaints for merit before incurring the costs of service and litigation. We did so last month and dismissed Mr. Talbert's complaint. He moves for reconsideration. We deny reconsideration and provide Mr. Talbert with more reasons why he cannot proceed on this complaint.

**I.    Alleged** *pro se* **facts**

Charles Talbert pro se sued Judges Fox and Allen and Court Administrator Evers of the Philadelphia Court of Common Pleas.[1] Mr. Talbert alleged these individuals violated his constitutional rights and various state laws.[2] He claims Judges Fox and Allen and Court Administrator Evers, acting dishonestly and in bad faith, knowingly and willfully managed and directed the county court at an unplead time to disregard law and justice to deprive the general public of their rights and privileges without due process of law.[3] Mr. Talbert generally alleges

these state actors allowed personnel in their offices to engage in misconduct and unlawful acts, turned a blind eye to corrupt activities, abused their administrative authority, and intentionally and maliciously appointed and assigned corrupt public officials to oversee his criminal matters. He does not cite a single specific instance of misconduct.[4]

Mr. Talbert vaguely claims Judges Fox and Allen and Court Administrator Evers deprived him of his rights of access to the courts, a speedy trial, due process, and fair and proper administration of justice.[5] He further claims the state actors participated in an "implied political civil conspiracy to retaliate against him for the exercise of his First Amendment right to sue the City of Philadelphia and Commonwealth public officials."[6]

Mr. Talbert is incarcerated. He paid the filing fee. Congress requires we screen his complaint under 28 U.S.C. § 1915A. We did so and dismissed his pro se complaint.[7] We first explained Mr. Talbert could not proceed on a civil rights claim against Judges Fox and Allen and Court Administrator Evers because they enjoy judicial and quasi-judicial immunity from his claims.[8] We further noted "Mr. Talbert's complaint lacks the requisite specificity required by Federal Rule of Civil Procedure 8 and *Twombly*" because "he does not tie specific actions to specific defendants."[9]

## II. Analysis

Mr. Talbert now timely moves for reconsideration of our dismissal of these claims last month. He argues we should construe his complaint as challenging the administrative, rather than judicial, actions of Judges Fox and Allen and Court Administrator Evers.[10] We again screen Mr. Talbert's complaint under section 1915A. We find no grounds to reconsider our dismissal but write again to further explain these issues to the pro se incarcerated Mr. Talbert.

Mr. Talbert sued Judges Fox and Allen and Court Administrator Evers, seeking damages against them in their individual capacity and injunctive relief against them in their official capacity. We liberally construe Mr. Talbert's *pro se* complaint as alleging nine theories of civil liability: (1) breach of covenant of good faith; (2) supervisory liability; (3) misfeasance and nonfeasance in public office; (4) a First Amendment access to the courts claim; (5) a First Amendment retaliation claim; (6) a Sixth Amendment right to a speedy trial claim; (7) a Fourteenth Amendment due process claim; (8) a Fourteenth Amendment equal protections claim; and (9) negligence.

We screen Mr. Talbert's complaint under the Prison Litigation Reform Act because he is incarcerated.[11] Congress directs we dismiss an incarcerated litigant's claim under section 1915A if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."[12] "A complaint is frivolous if it 'lacks an arguable basis either in law or in fact.'"[13] We may dismiss a complaint as frivolous if it is "'based on an indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario."[14]

When considering whether to dismiss a complaint for failure to state a claim under section 1915A, we apply the same standard used under Federal Rule of Civil Procedure 12(b)(6).[15] "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[16] "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] A claim which "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[18] We are "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings . . .'"[19] But "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."[20]

We first address Mr. Talbert's state law claims, followed by his claims of constitutional violations by Judges Fox and Allen and Court Administrator Evers, his supervisory liability claim, and finally the doctrine of qualified immunity. We dismiss Mr. Talbert's state law claims because he cannot bring a misfeasance and nonfeasance in public office claim and state sovereign immunity bars his breach of covenant of good faith and negligence claims. Mr. Talbert also fails to plead sufficient facts for his state law claims. We dismiss Mr. Talbert's First Amendment access to the courts, First Amendment retaliation, Sixth Amendment right to a speedy trial and Fourteenth Amendment due process claims because he fails to state each of those claims. We dismiss Mr. Talbert's Fourteenth Amendment equal protection and supervisory liability claims because he cannot bring the claims. We also must dismiss Mr. Talbert's constitutional violation claims because Judges Fox and Allen and Court Administrator Evers are entitled to qualified immunity.

### A.   We dismiss Mr. Talbert's state claims.

Mr. Talbert brings three claims against Judges Fox and Allen and Court Administrator Evers under Pennsylvania state law: misfeasance and nonfeasance in public office, breach of covenant of good faith, and negligence.

#### 1.   Mr. Talbert may not bring a misfeasance and nonfeasance in public office claim.

Mr. Talbert brings a claim of "misfeasance and nonfeasance in public office," alleging Judges Fox and Allen and Court Administrator Evers breached their administrative duties by abusing their positions to deprive the general public of their rights.

Misfeasance and nonfeasance are common law crimes.[21] We are not aware of authority recognizing misfeasance or nonfeasance in public office as actionable civil torts under Pennsylvania law. We decline to recognize those civil claims.

### 2. Mr. Talbert may not bring breach of covenant of good faith and negligence claims against Judges Fox and Allen and Court Administrator Evers.

Mr. Talbert's breach of covenant of good faith and negligence claims against Judges Fox and Allen and Court Administrator Evers are based on the performance of their official duties and business affairs.[22] Mr. Talbert argues these state actors breached their official duties through their mismanagement, causing their state court to operate like a "kangaroo court."[23]

Breach of covenant of good faith claims arise under contract law and a claim for breach of a covenant of good faith "may not be maintained as an independent cause of action separate from [a] breach of contract claim."[24] Because Mr. Talbert does not allege the existence of a contract between himself and Judges Fox and Allen and Court Administrator Evers, he cannot bring a breach of covenant of good faith claim.

Negligence claims arise under tort law. Pennsylvania law shields the Commonwealth, its officials and its employees acting within the scope of their duties from suit.[25] This includes Pennsylvania courts of common pleas.[26] Sovereign immunity applies to Commonwealth employees in both their official and individual capacities.[27] The Commonwealth has explicitly retained its sovereign immunity except in nine narrow circumstances not applicable here.[28]

Judges Fox and Allen and Court Administrator Evers are Commonwealth employees, acting within the scope of their employment with respect to their alleged conduct. Pennsylvania has not waived immunity for Mr. Talbert's negligence claim. It also does not fall within the exceptions outlined in Pennsylvania's sovereign immunity statute. State sovereign immunity bars Mr. Talbert's negligence claim against these state actors.

### 3. Mr. Talbert fails to plead a state law claim upon which relief may be granted.

Even if Mr. Talbert had the ability to bring his misfeasance and nonfeasance in public office, breach of covenant of good faith, and negligence claims, we must still dismiss them. Without more context, we cannot discern legally cognizable claims from his allegations. Although we construe Mr. Talbert's allegations liberally, he "is not absolved from complying with . . . the federal pleading requirements merely because s/he proceeds *pro se*."[29] Mr. Talbert does not plead facts as to how these state actors breached their official duties, abused their positions, and mismanaged the court. He fails to plead facts as to what exactly they did or failed to do to cause a kangaroo court or to deprive the general public of their rights. Mr. Talbert's allegations do not give Judges Fox and Allen and Court Administrator Evers "fair notice of what the . . . claim[s are] and the grounds upon which [they] rest."[30]

### B. We dismiss Mr. Talbert's civil rights claims against Judges Fox and Allen and Court Administrator Evers.

Mr. Talbert brings direct civil rights claims under section 1983 against Judges Fox and Allen and Court Administrator Evers. Congress in Section 1983 provides a cause of action against "every person who, under color of state [law], . . . subjects, or causes to be subjected, . . . [another] person . . . to the deprivation of any federally protected right."[31] Under section 1983, "a[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing."[32] "To make that showing of personal involvement, a complaint must contain 'allegations of personal direction or of actual knowledge and acquiescence.'"[33] Mr. Talbert alleges First Amendment violations, a Sixth Amendment violation, and violations of the Fourteenth Amendment Due Process Clause and Equal Protection Clause.

6

        **1.**      **Mr. Talbert fails to state a First Amendment denial of access to the courts claim.**

Mr. Talbert alleges Judges Fox and Allen and Court Administrator Evers violated his First Amendment right to access the state court through their general mismanagement of the court and unconstitutional supervisory practices.[34] Mr. Talbert claims the state actors' actions caused him to be denied access to the county court to "protect his reputation for more than [two] years and without providing him any other form of alternative remedy."[35]

Prisoners retain a right of access to the courts under the First Amendment.[36] "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' — that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit."[37] "[T]he underlying cause of action, . . . is an element that must be described in the complaint."[38]

Mr. Talbert's denial of access to the courts claim focuses on injury to his reputation and alludes to "being accused of committing a criminal act."[39] But Mr. Talbert fails to describe the underlying claim lost, the relief sought, or why a denial of access claim is his only remedy. Mr. Talbert's general allegations do not allow us to draw a reasonable inference the state actors prevented him from pursuing the vague underlying claim. Mr. Talbert fails to plausibly allege an actual injury as a result of Judges Fox and Allen and Court Administrator Evers conduct which could possibly equate to a denial of access to the courts. We must dismiss this First Amendment claim.[40]

        **2.**      **Mr. Talbert fails to state a First Amendment retaliation claim.**

Mr. Talbert alleges Judges Fox and Allen and Court Administrator Evers violated his First Amendment right against retaliation by appointing and assigning corrupt officials to oversee his

criminal matters as an "implied political civil conspiracy" because he earlier sued Pennsylvania and its employees.[41]

To state a First Amendment retaliation claim, Mr. Talbert must allege "(1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was 'a substantial or motivating factor' for the adverse action."[42]

Mr. Talbert satisfies the first element because he alleges he filed a lawsuit, which is a constitutionally protected activity.[43] But he fails to meet the second and third prongs. Mr. Talbert does not allege he suffered an adverse action at the hands of Judges Fox and Allen and Court Administrator Evers sufficient to deter a person of ordinary firmness from exercising his constitutional rights nor does he allege his filing of a lawsuit was a "substantial or motivating factor" for the adverse action. The only mention of a retaliation claim in Mr. Talbert's complaint reads: "intentionally and maliciously appointing and assigning corrupt public officials over his criminal matters in the county court as an implied political civil conspiracy to retaliate against him for the exercise of his First Amendment right to sue the city of Philadelphia and Commonwealth public officials."[44] This statement fails to provide enough facts for us to find Mr. Talbert properly alleged the three prongs necessary to raise a First Amendment retaliation claim. We also dismiss his retaliation claim.

### 3. Mr. Talbert fails to state a Sixth Amendment right to a speedy trial claim.

Mr. Talbert next claims Judges Fox and Allen and Court Administrator Evers, again through their general mismanagement of the court and unconstitutional supervisory practices, deprived him of his right to a speedy trial in violation of the Sixth Amendment and Pennsylvania Rule of Criminal Procedure 600.[45] He alleges the defendants breached their duty to "facilitate the

speedy and proper administration of justice" and their actions caused him to be "excessively and wrongly pretrial detained beyond the statutory and constitutional time-frame guarantee."[46]

We must consider four factors in evaluating a Sixth Amendment speedy trial right violation: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant."[47] "That means a plaintiff asserting a speedy trial right violation must plead particular facts about the delay."[48] The "length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."[49]

As a preliminary issue, Mr. Talbert fails to plead critical details about the alleged pretrial detainment, including what he was detained for, when he was detained, and for what period of time. Without the basic facts, there is no fair notice to Judges Fox and Allen and Court Administrator Evers about the claim against them and the grounds on which it rests. We cannot draw a reasonable inference Judges Fox and Allen and Court Administrator Evers are liable for any misconduct. And even if Mr. Talbert pled sufficient facts regarding his detainment, he has not alleged facts about the length or reasons for any delay. Because Mr. Talbert fails to state a claim plausible on its face, we dismiss his Sixth Amendment claim.[50]

### 4. Mr. Talbert fails to state a Due Process claim.

Mr. Talbert also alleges Judges Fox and Allen and Court Administrator Evers violated his Fourteenth Amendment due process rights, again through their general mismanagement of the court and unconstitutional supervisory practices. Mr. Talbert claims their actions "were arbitrary and unfair and to the point of depriving [him] and the general public of liberty interests without due process."[51]

The Fourteenth Amendment prohibits state actors from depriving persons of life, liberty, or property without due process of law.[52] "[T]he right to a speedy trial is fundamental and is imposed by the Due Process Clause of the Fourteenth Amendment on the States."[53]

Although Mr. Talbert's liberty interest is encompassed within the Fourteenth Amendment and must be accompanied by due process, he fails to state a claim for depriving his liberty right against these named state actors. Mr. Talbert fails to allege Judges Fox and Allen and Court Administrator Evers' personal involvement, direction, or acquiescence in conduct amounting to a due process violation. We have no idea of the state actors' roles in Mr. Talbert's trial or criminal matters. Mr. Talbert alleges no specific facts as to how these state actors "inflict[ed] arbitrary delay."[54] Absent pleading facts showing Judges Fox and Allen and Court Administrator Evers' personal involvement, we dismiss the due process claim.

### 5. Mr. Talbert cannot state an Equal Protection claim.

Mr. Talbert alleges a Fourteenth Amendment Equal Protection Clause violation by Judges Fox and Allen and Court Administrator Evers.[55] The Equal Protection Clause of the Fourteenth Amendment provides no state shall "deny to any person within its jurisdiction the equal protection of the laws."[56] This requires state actors to treat all "similarly situated" persons alike.[57] To bring an equal protection claim, Mr. Talbert must allege facts demonstrating "the existence of purposeful discrimination."[58] He must also demonstrate he "received different treatment from that received by other individuals similarly situated."[59] "A plaintiff's failure to allege any facts showing that he was treated differently than any similarly situated individuals is fatal to his equal protection claim."[60] If a plaintiff attempts to plead a "class-of-one" claim, he must show "1) the defendant treated [him] differently from others similarly situated, 2) the defendant did so intentionally, and 3) there was no rational basis for the difference in treatment."[61]

Mr. Talbert fails to plead facts of purposeful discrimination against him. He did not allege Judges Fox and Allen and Court Administrator Evers treated him differently than a similarly situated individual. Because Mr. Talbert cannot state an Equal Protection claim, we dismiss his claim.

### 6. Mr. Talbert cannot bring a supervisory liability claim.

Mr. Talbert finally alleges a supervisory civil rights liability claim against Judges Fox and Allen and Court Administrator Evers for allowing their personnel to "knowing and carelessly have innocent individuals sent to prison, engage in bribery, and all other forms of misconduct and unlawful activities."[62] Mr. Talbert claims their failure to manage violated the "rights of the general public."[63]

Under a section 1983 supervisory liability theory, supervisors may be liable for the alleged violation of a plaintiff's constitutional rights by condoning or acquiescing in a subordinate's violation of those rights. But liability cannot be based on *respondeat superior*; state actors are liable only for their own unconstitutional conduct.[64] Our Court of Appeals recognizes two theories for establishing supervisory liability under section 1983: when the supervisor (1) "established and maintained a policy, practice or custom which directly caused [the] constitutional harm" or (2) "participated in violating the plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations."[65] Because we found Mr. Talbert failed to plead a constitutional violation under the First, Sixth and Fourteenth Amendments, there can be no supervisory liability claim.[66]

If Mr. Talbert pled a constitutional violation, his supervisory liability claim would nevertheless still fail on the merits. As we explained in our June 4, 2021 Memorandum, Mr. Talbert "levels general mismanagement, but alleges few, if any, facts regarding specific actions by Court

11

Administrator Evers, Judge Fox, and Judge Allen."⁶⁷ It is unclear who these individuals supervised, which subordinates violated Mr. Talbert's rights, or what specific misconduct or unlawful actions occurred. Mr. Talbert fails to allege facts sufficient to at least plausibly allege the state actors had personal involvement in violating his rights.

### 7. Judges Fox and Allen and Court Administrator Evers are also entitled to qualified immunity.

Even if Mr. Talbert alleged facts sufficient to support his constitutional claims under section 1983, qualified immunity shields Judges Fox and Allen and Court Administrator Evers from liability. Congress directs us to consider qualified immunity *sua sponte* if the issue is apparent from the face of the complaint and permits us to dismiss an action on that basis.⁶⁸

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."⁶⁹ Our Court of Appeals instructs us to ask: "(1) whether the facts alleged by the plaintiff show the violation of a constitutional right, and (2) whether the law was clearly established at the time of the violation."⁷⁰

The state actors are entitled to qualified immunity because Mr. Talbert does not allege facts allowing us to plausibly infer they violated his constitutional rights. As we have reiterated again and again, without more context, we again cannot discern legally cognizable claims from Mr. Talbert's allegations. He fails to allege facts to sufficiently support a facially plausible claim. Mr. Talbert's vague allegations against Judges Fox and Allen and Court Administrator Evers do not allow us to draw a reasonable inference they violated a constitutional right. Mr. Talbert only pleads conclusory statements. We also dismiss Mr. Talbert's claims under section 1983 because Judges Fox and Allen and Court Administrator Evers are protected by the shield of qualified immunity.

**III.     Conclusion**

We deny Mr. Talbert's motion for reconsideration confirming the dismissal of his claims against Judges Fox and Allen and Court Administrator Evers.

---

[1] ECF Doc. No. 1.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] ECF Doc. No. 4.

[8] *Id.* at 3.

[9] *Id.* at n.14.

[10] ECF Doc. No. 4; ECF Doc. No. 10.

[11] *Durham v. Phila. Prison Sys.,* No. 18-2113, 2018 WL 3105589, at *1 (E.D. Pa. June 25, 2018).

[12] 28 U.S.C. § 1915A(b)(1)–(b)(2).

[13] *Vazquez v. McGinley*, No. 20-6573, 2021 WL 242480, at *2 (E.D. Pa. Jan. 25, 2021) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

[14] *Johnson v. Caputo*, No. 11-2603, 2013 WL 2627064, at *4 (E.D. Pa. June 12, 2013) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)).

[15] *Johnson,* at *4 (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)

[16] *Illinois Nat. Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 653 F.3d 225, 230 (3d Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[17] *Iqbal*, 556 U.S. at 663.

[18] *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[19] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

[20] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

[21] *Garcia v. Howell*, No. 800 C.D. 2018, 2019 WL 3986331, at *2 (Pa. Commw. Ct. Aug. 23, 2019) (citing *Com. v. Bellis*, 494 A.2d 1072, 1073 (Pa. 1985)). "[T]he common law offenses of misfeasance . . . and nonfeasance in office occur when there is either the breach of a positive statutory duty or the performance *by a public official* of a discretionary act with an improper or corrupt motive." *Id.* (citation and internal quotation marks omitted).

[22] ECF Doc. No. 1.

[23] *Id.* at 6.

[24] *CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co.,* 645 F. Supp. 2d 354, 369 (E.D. Pa. 2009) (citing *LSI Title Agency, Inc. v. Evaluation Servs.,* 951 A.2d 384, 391 (Pa. Super. Ct. 2008), *appeal denied*, 960 A.2d 841 (Pa. 2008)).

[25] 1 Pa. Cons. Stat. § 2310 ("The Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."). "Conduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; it is actuated, at least in part, by a purpose to serve the employer; and if force is intentionally used by the employee against another; it is not unexpected by the employer." *Velykis v. Shannon,* C.A. No. 06-0124, 2006 WL 3098025, at *3-4 (M.D. Pa. Oct. 30, 2006) (citing *Fitzgerald v. McCutcheon,* 410 A.2d 1270 (Pa. Super. Ct. 1979)).

[26] *Russo v. Allegheny Cty.*, 125 A.3d 113, 117 (Pa. Commw. Ct. 2015), *aff'd*, 150 A.3d 16 (Pa. 2016).

[27] *Larsen v. State Employees' Ret. Sys.*, 553 F. Supp. 2d 403, 420 (M.D. Pa. 2008) (citing *Maute v. Frank,* 657 A.2d 985, 986 (Pa. Super. Ct. 1995)); *Maples v. Boyd,* C.A. No. 03-6325, 2004 WL 1792775, at *9 (E.D. Pa. Aug. 9, 2004)).

[28] *Foster v. McLaughlin*, 203 F. Supp. 3d 483, 488 (E.D. Pa. 2016). The nine areas in which the General Assembly has expressly waived sovereign immunity are: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa. Cons. Stat. § 8522(b).

[29] *Thakar v. Tan*, 372 Fed. App'x 325, 328 (3d Cir. 2010).

---

[30] *Twombly*, 550 U.S. at 545 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[31] 42 U.S.C. § 1983.

[32] *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

[33] *Farrar v. McNesby*, No. 13-5683, 2014 WL 6861458, at *1 (E.D. Pa. Dec. 5, 2014) (quoting *Evancho,* 423 F.3d at 353).

[34] ECF Doc. No. 1 at 4. Mr. Talbert also cites Article 1, Section 11 of the Pennsylvania Constitution. *See* 1 Pa. Cons. Stat. § 11 ("[E]very man for an injury done him in his . . . reputation shall have remedy by due course of law . . ."). As we explained when we addressed Mr. Talbert's negligence claim, Pennsylvania has not waived immunity for claims under the Pennsylvania Constitution and this claim does not fall within any of the exceptions. Accordingly, we consider this claim arising only under the First Amendment.

[35] *Id.*

[36] *Concepcion v. Russell*, No. 21-1060, 2021 WL 2529816, at *5 (E.D. Pa. June 21, 2021) (quoting *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)).

[37] *Monroe,* 536 F.3d at 205 (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

[38] *Christopher*, 536 U.S. at 415.

[39] ECF Doc. No. 1 at 4.

[40] *See Monroe*, 536 F.3d at 206 (plaintiffs alleging "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim); *see also Talley v. Varner*, 786 F. App'x 326, 328 (3d Cir. 2019) (*per curiam*) (no denial of access to the courts where inmate "failed to allege what underlying nonfrivolous claims he was unable to pursue due to [a] two-week delay" caused by the defendants).

[41] ECF Doc. No. 1 at 2-3.

[42] *Pepe v. Lamas*, 679 F. App'x 173, 175 (3d Cir. 2017) (citing *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)).

[43] *Snider v. Pennsylvania Dep't of Corr.*, 505 F. Supp. 3d 360, 426 (M.D. Pa. 2020) (citing *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006)).

[44] ECF Doc. No. 1 at 2-3.

---

[45] *Id.* at 4-5. As part of his Sixth Amendment claim, Mr. Talbert also cites Rule 1901 of the Pennsylvania Rules of Judicial Administration and Rule 3115 of the Pennsylvania Rules of Appellate Procedure. These rules address termination of inactive cases. *See* Pa. R. Jud. Admin. 1901; Pa. R. App. Proc. 3115. Because Mr. Talbert's complaint contains no facts regarding an inactive matter, we decline to analyze these rules.

[46] *Id.* at 5.

[47] *United States v. Briggs*, No. 20-410, 2020 WL 3077171, at *3 (E.D. Pa. June 10, 2020) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

[48] *Durham v. City of Phila.*, No. 17-5152, 2019 WL 3202506, at *8 (E.D. Pa. July 16, 2019). *See Rasmussen v. Young*, No. 17-13698, 2018 WL 3763006, at *5 (D.N.J. Aug. 8, 2018) ("Plaintiff has not alleged if or when he asserted his right to a speedy trial on the state charges nor has he described any factors that caused delay in the trial. Therefore, he fails to state a claim." (internal citation omitted)).

[49] *Barker,* 407 U.S. at 530.

[50] We recognize Rule 600 is not "co-extensive" with the Sixth Amendment regarding the United States Constitution's guarantee of the right to a speedy and public trial. *Johnston v. Mahally*, 348 F. Supp. 3d 417, 438 (E.D. Pa. 2018) ("While Rule 600 sets a time limit, with various rules for determining how to calculate and assess delays, the Sixth Amendment has no such time limit or rules, and so facially the two are not coextensive."). For the same reasons we found Mr. Talbert failed to state a claim for relief under the Sixth Amendment, we find he also failed to state a claim under Rule 600. We also dismiss his Rule 600 claim.

[51] ECF Doc. No. 1 at 5.

[52] U.S. Const. amend. XIV, § 1.

[53] *Barker*, 407 U.S. at 515 (internal quotation marks and citations omitted).

[54] ECF Doc. No. 1 at 5.

[55] *Id.*

[56] U.S. Const. amend. XIV, § 1.

[57] *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

[58] *Andrews v. City of Phila.*, 895 F.2d 1469, 1478 (3d Cir. 1990) (citation omitted).

[59] *Id.*

---

[60] *Collura v. Ford*, No. 13-4066, 2016 WL 409228, at *18 n.17 (E.D. Pa. Feb. 3, 2016) (internal quotations omitted).

[61] *Tarapchak v. Lackawanna Cty.*, 173 F. Supp. 3d 57, 79 (M.D. Pa. 2016) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006)); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

[62] ECF Doc. No. 1 at 3.

[63] *Id.*

[64] *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016).

[65] *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).

[66] *See Leisure v. Lancaster Cnty. Prison*, 750 F. App'x 89, 92 n.3 (3d Cir. 2018) (citing *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds*, *Taylor v. Barkes*, 575 U.S. 822 (2015) (*per curiam*)).

[67] ECF Doc. No. 4 at 3-4.

[68] *Thompson v. Ferguson*, No. 19-4580, 2020 WL 7872629, at *11 (E.D. Pa. Dec. 31, 2020) (citing *Howell v. Young*, 530 F. App'x 98, 100 (3d Cir. 2013)).

[69] *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

[70] *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)).