IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 21-2505 |
| | : | |
| **JOSEPH H. EVERS,** *et al.* | : | |

# ORDER

**AND NOW**, this 19th day of July 2021, upon considering Plaintiff's Motion for reconsideration (ECF Doc. No. 10) of our June 4, 2021 Order (ECF Doc. No. 5) dismissing his case under 28 U.S.C. § 1915A, and finding no grounds to reconsider for the reasons in the accompanying Memorandum, it is **ORDERED** Plaintiff's Motion for reconsideration (ECF Doc. No. 10) is **DENIED**.[1]

_____
**KEARNEY, J.**

---

[1] A motion for reconsideration may only be granted where the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The scope of a motion for reconsideration under Rule 59(e) "is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Motions for reconsideration are not a vehicle for a "second bite at the apple" or to "ask the Court to rethink what [it] had already thought through—rightly or wrongly." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995); *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (alteration in original).

.